IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIE L. BURRUS, | ) | CIVIL NO. 17-00382 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT; |
| | ) | ORDER DENYING AS MOOT |
| vs. | ) | APPLICATION TO PROCEED IN |
| | ) | FORMA PAUPERIS |
| US RENAL DIALYSIS | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.      INTRODUCTION.**

On August 3, 2017, Plaintiff Willie L. Burrus filed the Complaint in this matter along with an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  *See* ECF Nos. 1 and 3.  Pursuant to 28 U.S.C. §§ 1915(e)(2), this court has screened the Complaint and determined that it fails to allege a claim over which this court has jurisdiction.  Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

**II.     FACTUAL BACKGROUND.**

In June and July 2017, Burrus says that bodily fluid was spilled on his personal property while he was undergoing dialysis.  On July 1, 2017, Burrus says that one of his dialysis lines clogged and that, when the nurse attempted to fix it, his own blood spilled on him.  Burrus says that he developed shortness of breath, dizziness, and cramps due to loss of blood

because the blood in the dialysis machine could not be returned to his body. Burrus does not claim that he suffered any long-term effects. *See* ECF No. 1.

**III.     STANDARD.**

To proceed in forma pauperis, Burrus must demonstrate that he is unable to prepay the court fees, and that he sufficiently pleads claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The court therefore screens his Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

**IV.     ANALYSIS.**

It appears that Burrus may be asserting a negligence claim against Defendant US Renal Dialysis, which may be US Renal Care. As there appears to be no federal question involved in this case, Burrus must allege diversity jurisdiction to be heard in this federal court. However, the court lacks jurisdiction over the allegations in the Complaint because the Complaint lacks allegations of citizenship. *See Tylka v. Gerber Prods Co.*, 211 F.3d 445, 448 (7th Cir. 2000) ("As stated before, the parties have ignored the fact that the notice of removal was ineffective in terms of properly alleging diversity because allegations of residence are insufficient to establish diversity

jurisdiction."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (allegations of residency are insufficient to satisfy diversity jurisdiction, which requires allegations of citizenship). It also does not appear that the jurisdictional amount in controversy is satisfied. *See* 28 U.S.C. § 1332 (requiring an amount in controversy exceeding $75,000, exclusive of interest and costs). Accordingly, the Complaint is dismissed and the application to proceed without prepayment of fees is denied as moot.

Burrus may amend the Complaint no later than September 8, 2017. In any such Amended Complaint, Burrus must satisfy the subject matter jurisdiction requirements. If Burrus amends the Complaint, Burrus must either pay the filing fee or submit another motion to proceed without prepayment of fees. If Burrus fails to amend the Complaint, and if he fails to submit another motion to proceed without prepayment of fees or fails to pay the filing fee, this action will automatically be dismissed on or after September 11, 2017.

The court notes that it is unlikely that any IFP Application by Burrus will be granted, as he indicates that he receives $2,700 per month in wages, as well as an undisclosed amount of pension, annuity, or life insurance payments. The court further notes that, if Burrus determines that he cannot meet the federal court subject matter jurisdiction requirements,

his action could possibly be asserted in state court.  This court is, of course, not suggesting that any such state-court complaint would be proper or successful.

**V.        CONCLUSION.**

Burrus's Complaint is dismissed, and the IFP Application is denied as moot.  The court grants Burrus leave to file an Amended Complaint that states a viable claim no later than September 8, 2017.  Burrus may submit another IFP Application at that time.

Failure to file an Amended Complaint by September 8, 2017, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 8, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Burrus v. US Renal Dialysis*, Civ. No. 17-00382 SOM/RLP; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS